IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID ANDERSON, )
)
)
)
Plaintiff, )
v. ) C.A. No. 10-79 Erie
) Judge McLaughlin
VENANGO COUNTY, PENNSYLVANIA, )
and JAMES CARBONE, )
)
)
Defendants. )

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

Presently pending before the Court is Defendant Venango County's Motion for Summary Judgment.[1] For the reasons which follow, the motion will be granted.

## I. BACKGROUND

On or about March 2000, Plaintiff David Anderson ("Anderson") was charged in Venango County, Pennsylvania with several counts of indecent assault and involuntary deviate sexual intercourse based upon allegations that he had engaged in improper sexual relations with three mentally-handicapped patients at Polk Center State Hospital, where Anderson was employed at the time. (Complaint ¶ 8). In February, 2001, Anderson was initially tried and found guilty of indecent assault with respect to one patient. The jury

---

[1] Although styled a motion for summary judgment, Venango County's motion is properly characterized as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) given that it challenges the facial legal sufficiency of the Complaint without referencing affidavits or evidence.

1

deadlocked as to the other two patients, precipitating a second trial in September, 2001. (Complaint ¶¶ 9-10). At the conclusion of the second trial, the jury found Anderson guilty of indecent assault with respect to both patients and involuntary deviant sexual intercourse with respect to one of the patients. (Complaint ¶ 11).

Anderson successfully appealed the results of both trials. The Superior Court reversed the February 2001 conviction on procedural grounds and reversed the September 2001 conviction after concluding that Defendant James Carbone, the prosecuting attorney, had engaged in outrageous behavior during closing arguments. (Compliant ¶ 12).

On remand, Anderson was charged again in relation to the two patients involved in the September 2001 trial. During the course of the renewed proceedings, the trial court determined that Carbone improperly contacted the victimized patients in violation of a court order and failed to supply capacity assessments of the victims to Anderson's attorneys. As a result of this misconduct, the trial court determined that Anderson's Double Jeopardy protections under the Pennsylvania Constitution had been triggered and dismissed the charges. (Complaint, Ex. 1). This ruling is still the subject of an appeal in state court.[2]

On April 2, 2010, Anderson filed the instant civil rights action seeking monetary damages against Carbone and Defendant Venango County based upon the allegedly improper actions taken by Carbone. Count I of the Complaint, brought pursuant to 42 U.S.C. § 1983, asserted that Defendant Carbone intentionally deprived Anderson of his right to a fair trial and that Defendant Venango County failed to properly train Carbone and/or implemented a policy and practice of improperly coaching and preparing witnesses for competency hearings. Count II raised a state law claim for abuse of process against Defendant Carbone in his

---

[2] On October 22, 2010, the Pennsylvania Superior Court reversed the trial court's order dismissing Anderson's prosecution on double jeopardy grounds. On January 6, 2011, the Superior Court granted Anderson's Petition for *En Banc* Reargument and withdrew the October 22 order. As of this date, the matter is still pending.

individual capacity based upon Carbone's alleged deprivation of Anderson's right to a fair trial.

On June 2, 2010, Carbone filed a motion to dismiss. On January 18, 2011, this Court issued a Memorandum Opinion and Order holding that Carbone was entitled to absolute prosecutorial immunity with respect to the conduct alleged in the Complaint and that Anderson's Sixth Amendment right to a fair trial had not been violated because he was never tried following the alleged misconduct. See Anderson v. Venango County, 2011 WL 147907 (W.D. Pa. 2011). Following dismissal of all claims against Carbone, Defendant Venango County filed the instant motion to dismiss. This matter is ripe for review.

## II. STANDARD FOR REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities,

Inc., 764 F.2d 939, 944 (3rd Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3rd Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3rd Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to makes a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469 (February 22, 2008) (quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3rd Cir. Feb. 5, 2008)). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 (quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3).

### III. ANALYSIS

In his Complaint, Anderson asserts that Venango County failed to properly train Carbone in "the acceptable means of preparing witnesses for Competency Hearings" and "had a policy or pattern and practice of improperly coaching and preparing witnesses of questionable competency." Complaint ¶¶ 23. Anderson contends that the aforementioned policies, manifested in Carbone's allegedly improper acts, deprived him of his Sixth

Amendment right to a fair trial.[3] Plaintiff argues that the fact that Carbone may have been entitled to prosecutorial immunity does not inure to the benefit of the county if it could be shown that Carbone's allegedly wrongful acts occurred pursuant to an unconstitutional custom or policy of the county. (Plaintiff's Brief in Response, p. 5). While that may be true in the abstract, Plaintiff overlooks the fact that the action against Carbone was dismissed on the independent ground that the Complaint failed to allege a constitutional deprivation. As stated in our previous opinion:

> The legal import of the fact that a third trial has not occurred was explored at oral argument:
>
> > The Court: [T]he thing that conceptually I can't get my head around is: How can you be denied a fair trial that never happened? . . . In the absence of a conviction as a result of allegedly improper prosecutorial misconduct, where is the Constitutional tort or harm --
> >
> > Counsel: Because he is still under the umbrella of prosecutorial prosecution. The Defendants in this case have now said publicly that they intend to prosecute him again for another trial.
>
> (Transcript, Oral Hearing, 12/17/10, pp. 17-18). The "umbrella" or threat of prosecution does not represent a constitutional deprivation.
>
> In Hensley v. Carey, 818 F.2d 646 (7th Cir. 1987), for example, the Seventh Circuit affirmed a district court's dismissal of a § 1983 action based upon an allegedly suggestive

---

[3] The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

police lineup where the charges against the plaintiff had been dropped by police prior to trial. Although the plaintiff argued that the improperly suggestive lineup, by itself, formed the basis of a Constitutional violation remediable under § 1983, the Court disagreed:

> The rule against admission of evidence from unnecessarily suggestive lineups is a prophylactic rule designed to protect a core right, that is the right to a fair trial, and it is only the violation of the core right and not the prophylactic rule that should be actionable under § 1983.

Hensley, 818 F.3d at 649. Quoting Cerbone v. County of Winchester, 508 F.Supp. 780 (S.D.N.Y. 1981), the Court further explained:

> The mere failure of a 'show-up' to pass constitutional requirements, without a showing of resulting prejudice, does not establish a constitutional deprivation. The constitutional guarantee against a pretrial confrontation 'that is unnecessarily suggestive and conducive to irreparable mistaken identification' does not exist *in vacuo* but is meaningful only by reference to the right of an accused to a fair trial, of which it is a corollary. No violation of the due process clause occurs unless an improper identification has some prejudicial impact on an accused's defense."

Id. (quoting Cerbone, 508 F.Supp. at 786). It concluded:

> In the present case, Hensley has no claim under § 1983 arising out of his participation in an unduly suggestive lineup since he was not deprived of his right to a fair trial. *He could not possibly have been deprived of his right to a fair trial since he was never tried.*

Id. (emphasis added).

Other courts have consistently reached the same result. See Wiley v. City of Chicago, 2003 WL 187276, *2 (N.D. Ill. 2003) ("Plaintiff does not allege that he was tried for the charges on which he was arrested. In fact . . . he admits that the 'charges were dismissed before trial.' That admission dooms his section 1983 fair trial due process claims . . ."); Sejnoha v. City of Bisbee, 815 F.Supp. 1300 (D. Ariz. 1993) ("Sejnoha could not possibly have been deprived of his right to a fair trial because he was never tried. The evidence obtained through use of the photo lineup was never used against Sejnoha.");

> Williams v. Reynolds, 2004 WL 1585881 (N.D. Texas 2004) ("The complaint in this [§ 1983] case merely alleges that a witness identified Plaintiff in a one-person show up at the scene of the crime. He alleges no possibility of prejudice at his upcoming trial . . . Therefore, the complaint fails to raise a civil rights violation."). As in each of the foregoing cases, Anderson "could not possibly have been deprived of his right to a fair trial since he was never tried." Hensley, 818 F.2d at 649.

Anderson, 2011 WL 147907 at *8-9.

In the absence of a constitutional violation by one of its employees, it is axiomatic that no liability may be imposed upon a municipal entity. See Williams v. Borough of West Chester, 891 F.2d 458, 467 (3rd Cir. 1989) ("A municipality may be liable under section 1983 only if it can be shown that its employees violated a plaintiff's civil rights as a result of a municipal policy or practice . . . [thus] West Chester cannot be vicariously under Monell unless one of West Chester's employees is primarily liable under section 1983 itself.") (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). See also Napier v. City of New Castle, 2010 WL 4243893, *5 (3rd Cir. 2010) ("[B]ecause the District Court correctly found that there was no constitutional violation for which the officers were liable under § 1983, the City cannot be held vicariously liable."); Marable v. West Pottsgrove Tp., 176 Fed Appx. 275, 283 (3rd Cir. 2006) ("[A] municipality may not incur Monell liability as a result of the actions of its officers when its officers have inflicted no constitutional injury.").

### IV. CONCLUSION

For the reasons stated above, Defendant Venango County's Motion to Dismiss is GRANTED. Judgment is granted in favor of defendant and this action is dismissed.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 10-79 Erie |
| ) | Judge McLaughlin |
| VENANGO COUNTY, PENNSYLVANIA, ) | |
| and JAMES CARBONE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

AND NOW, this 20th day of April, 2011, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant Venango County's Motion to Dismiss for failure to state a claim is GRANTED. This matter is closed.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___